**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**BRUCE WILLIAMS, #193528,**

        **Plaintiff,**

**v.**                                **Case No. 2:06-CV-10935**
                                        **Honorable Nancy G. Edmunds**
                                        **Magistrate Judge R. Steven Whalen**

**DR. JAMES GLADE,**

        **Defendant**.

_____

**OPINION & ORDER SUMMARILY DISMISSING**
**PLAINTIFF'S CIVIL RIGHTS COMPLAINT**

**I.  Introduction**

      Plaintiff, Bruce Williams, a Michigan state prisoner currently confined at Oaks Correctional Facility in Manistee, Michigan,  has filed a *pro se* civil rights complaint under 42 U.S.C. §1983. The incident giving rise to Plaintiff's Complaint took place while he was incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan (Lenawee County) thereby placing jurisdiction properly before this Court.

      Plaintiff asserts that the Defendant, Dr. James Glade, failed to properly treat his mental health problems.  Plaintiff claims that he is depressed and has a propensity to physically cut himself. Despite Defendant's alleged knowledge of this fact, Defendant failed to protect the Plaintiff from his own claimed self-mutilation.

      On April 25, 2006, this Court entered an Order to Show Cause why Plaintiff's case should not be dismissed because of the number of previously filed civil rights complaints by this Plaintiff and the fact that Plaintiff failed to supply evidence that he exhausted his administrative remedies.

On May 15, 2006, Plaintiff filed a response to this Court's directive to show cause.  For the reasons stated below, the Court finds that Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. §1915(g).

## II. Discussion

### A. Exhaustion of Administrative Remedies

A preliminary question in prisoner civil rights cases challenging the conditions of confinement is whether the prisoner exhausted administrative remedies before filing the complaint. 42 U.S.C. §1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The exhaustion requirement is mandatory, and it applies to all inmate suits about prison life, whether under §1983 or some other federal law,  *Porter v. Nussle,* 534 U.S. 516, 524, 532 (2002), and regardless of the relief sought and offered through administrative procedures.   *Booth v. Churner,* 532 U.S. 731, 741 & 741 n.6 (2001).  Exhaustion of administrative remedies is mandatory "even if proceeding through the administrative system would be 'futile.'"  *Jones Bey v. Johnson,* 407 F.3d 801, 805 (6th Cir. 2005).

The Michigan Department of Corrections (MDOC) has a three-step administrative remedy procedure.  *See, MDOC Policy Directive 03.02.130 (Dec. 19, 2003).*  These procedures:

> require the prisoner to first file a grievance with the internal grievance coordinator at the prison in which he is incarcerated.  If the grievance is denied at this level, the prisoner can appeal it to the prison's warden.  If denied a second time, the prisoner can exercise a final appeal to the office of the Michigan Department of Corrections' director. *See, MDOC Policy Directive 03.02.130.*  Once the prisoner has undertaken all three of these steps, his grievance is considered fully exhausted.

*Jones Bey,* 407 F.3d at 803 n.

Initially, Plaintiff had not attached to his civil rights Complaint any documentation showing the Court that he has exhausted his administrative remedies.  However, Plaintiff's responsive pleading demonstrates, by Plaintiff's attachment of the completed grievance appeal forms, that he exhausted the three step grievance process relative to the claim presently before the Court and as against the named Defendant, Dr. James Glade.  Therefore, Plaintiff has satisfied the requirements of MDOC Policy Directive 03.02.130.

### B.  Previously Filed Civil Rights Complaints

As stated in this Court's Opinion and Order to Show Cause, the Court's database reveals that Plaintiff has filed 14 prior cases in the federal courts which have been dismissed either with or without prejudice and those cases were listed according to case number, defendant, dismissal date and U.S. district judge.

Under the Prison Litigation Reform Act (PLRA), the Court may dismiss a case if, on 3 or more previous occasions, a federal court has dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim upon which relief may be granted.  *See, 28 U.S.C. §1915(g).*[1]  From the Court's review of this myriad of cases, at least 3 of the civil rights cases were dismissed with prejudice: *Williams v. Porter, et. al.,* 99-CV-40170, Judge Paul V. Gadola;

---

[1]Section 1915(g) provides, in pertinent part:

"In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this subsection if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *28 U.S.C. § 1915(g).*

*Williams v. Huron Valley, et. al.,* 99-CV-76251, Judge Arthur J. Tarnow; and *Williams v.*
*Roggenbuck,* 05-CV-71837, Judge Avern Cohn.

Within Plaintiff's responsive pleading to this Court's Order to Show Cause, Plaintiff
completely fails to address this issue, but instead argues the substance of his claim. A plaintiff may
maintain a civil action despite having had 3 or more civil actions dismissed as frivolous if the
prisoner is "under imminent danger of serious physical injury." *28 U.S.C. § 1915(g)*. To establish
that his Complaint falls within the statutory exception to the 3 strikes rule, Plaintiff must have
alleged that he was under imminent danger at the time that he sought to file his Complaint and
proceed in forma pauperis[2]. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir.1998) (plaintiff
sufficiently alleged imminent danger of serious physical injury where he claimed that he was placed
near inmates on his enemy list and subject to ongoing danger); *Banos v. O'Guin*, 144 F.3d 883, 885
(5th Cir.1998) (past body cavity searches failed to establish imminent danger of serious physical
injury); *Luedtke v. Bertrand*, 32 F.Supp.2d 1074, 1077 (E.D.Wis.1999) (allegation of past physical
injury is insufficient to meet statutory exception).

In the this pending case, Plaintiff fails to allege that he is under "imminent" danger of future
harm, but rather states that he is depressed, has thoughts of harming himself and sometimes acts out
by trying to cut himself. Therefore, his complaint is subject to dismissal under the "three strikes"
provision of 28 U.S.C. § 1915(g).

---

[2]Plaintiff did not file a formal motion to proceed *in forma pauperis*, but he did file a
prisoner trust account statement and affidavit of indigence, which leads the Court to conclude
that it is Plaintiff's intent to request to proceed *in forma pauperis*.

4

**III. Conclusion**

The Plaintiff in this case has filed more than 3 civil rights complaints with this Court which have been dismissed  because the complaints were frivolous or malicious or failed to state a claim upon which relief may be granted.


Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Complaint **[Doc. #1-1, filed March 1, 2006]** is **DISMISSED** pursuant to 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED that should Plaintiff wish to pursue the allegations contained in his complaint, he must submit payment of the $350.00 filing fee within 30 days. Upon receipt of the filing fee, the Court will re-open the case and review the complaint to determine whether it should be served or should be summarily dismissed under 28 U.S.C. § 1915A(b).


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  July 19, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 19, 2006, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager